# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

|  |  |  |
|---|---|---|
| MORGAN HOWARTH, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No.: |
| COASTAL FARMHOUSE INTERIOR DESIGN LLC, and KATHLEEN LOWE, | : | COMPLAINT AND JURY DEMAND |
| Defendants. | : | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, MORGAN HOWARTH ("Howarth" or "Plaintiff"), brings this complaint in the United States District Court for the Eastern District of Virginia against COASTAL FARMHOUSE INTERIOR DESIGN LLC ("Coastal Farmhouse"), and KATHLEEN LOWE ("Lowe") (together "Defendants"), alleging as follows:

## PARTIES

1.  Plaintiff is an experienced commercial photographer of forty (40) years. Plaintiff specializes in commercial and residential landscape and architectural photography. Plaintiff works with a wide range of advertising and editorial clients, including but not limited to: AARP, CBS, Clark Shoes, Cuddledown Catalog, GH Bass Shoes, Hilton Hotels, Niche Media, Sears, and Thomas Moser Furniture. Plaintiff resides in Gainesville, Virginia.

2.  On information and belief, Coastal Farmhouse is a Limited Liability Company existing under the laws of the State of Florida, with headquarters in Dania Beach, Florida. Defendant

owns, operates, and is solely responsible for the content on its commercial website, www.coastalfarmhouse.com.

3.  On information and belief, Lowe is an individual and the owner of Coastal Farmhouse.

JURISDICTION AND VENUE

4.  This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

5.  This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

6.  This Court has personal jurisdiction over Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b), in that Defendants: (1) directed electronic activity into the state; (2) with the manifested intent of engaging in business or other interactions within the state; and (3) that activity created, in a person within the state, a potential cause of action cognizable in the state's courts.

7.  This Court also has personal jurisdiction over Defendants, and venue in this District is proper under 28 U.S.C. § 1400(a).

FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8.  Plaintiff captured the photograph, "5455_Tates_Loft_F2" ("Copyrighted Photograph") on January 22, 2010. [Exhibit 1]. Plaintiff captured Copyrighted Photograph using great technical skill and careful timing, as well as significant time and energy.

9.  On or about May 1, 2012, Plaintiff posted Copyrighted Photograph to www.morganhowarth.photoshelter.com/image/I0000yFjdrie60Ow (Last visited April 2, 2020). [Exhibit 2].

10. Plaintiff registered Copyrighted Photograph with the United States Copyright Office on September 28, 2011 (Registration No.: VA 1-803-266). [Exhibit 3].

11. Beginning on or about April 1, 2017, Defendants copied and posted Copyrighted Photograph to the Defendants' commercial website, www.coastalfarmhouse.com (Last visited September 15, 2018).

12. Defendants posted Copyrighted Photograph to the following URL:

    - www.coastalfarmhouse.com/how-to-decorate-behind-a-sectional-sofa (Last visited October 23, 2019). [Exhibit 4].

13. Defendants copied and used Copyrighted Photograph as a nearly full-page image to illustrate the post titled, "How to Decorate Behind a Sectional Sofa." ("Infringing Post") [Exhibit 4].

14. Infringing Post was authored by "kathleen." [Exhibit 4].

15. Infringing Post included active links to various social media platforms, including Twitter, Facebook, Pinterest, and Google+. [Exhibit 4].

16. Defendants copied and posted Copyrighted Photograph without license nor permission from Plaintiff.

COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ.

17. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

18. Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to Copyrighted Photograph, which is the subject of a valid and complete Certificate of Copyright Registration by the Register of Copyrights.

19. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the Copyrighted Photograph to the public.

20. Upon information and belief, Lowe is the dominant influences in Coastal Farmhouse, and determined and/or directed the policies that led to the infringements complained of herein. Accordingly, Lowe is jointly and severally liable for any direct copyright infringement committed by Coastal Farmhouse. *See Broad. Music, Inc. v. It's Amore Corp.*, No. 3:08CV570, 2009 WL 1886038 (M.D. Pa. June 30, 2009), citing *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629, 634 (D.N.H.1984). Upon further information and belief, Lowe maintained the right and ability to control the infringing activities of Coastal Farmhouse, and had a direct financial interest in those activities by virtue of his equity ownership in the companies. Accordingly, Lowe is vicariously liable for any copyright infringement committed by Coastal Farmhouse. *See, e.g., Broad. Music, Inc. v. Tex Border Mgmt.*, 11 F. Supp. 3d 689, 693-94 (N.D. Tex. 2014).

21. Plaintiff is informed and believes Defendants, without the permission or consent of Plaintiff, copied and used Copyrighted Photograph on Defendants' commercial website, www.coastalfarmhouse.com. In doing so, Defendants violated Plaintiff's exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

22. Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

23. As a result of Defendants' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual or statutory damages, including any profits realized

by Defendants attributable to the infringement, pursuant to 17 U.S.C. § 504 for Defendants' infringement of Copyrighted Photograph.

COUNT II: CONTRIBUTORY INFRINGEMENT

24. Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiff, knowingly made available Copyrighted Photograph to third party publishers by posting active links to social media companies immediately adjacent to Copyrighted Photograph.

25. Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiff, had knowledge or reason to know of such contributory infringement.

26. As a result of Defendants' actions, Plaintiff is entitled to actual damages or such other and further relief as is just and proper.

COUNT III: REMOVAL AND ALTERATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION PURSUANT TO 17 U.S.C. § 1202

27. Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiff, knowingly and with the intent to conceal infringement, intentionally removed the copyright management information from Plaintiff's Copyrighted Photograph before displaying Copyrighted Photograph on Defendants' commercial website, www.coastalfarmhouse.com. In doing so, Defendants violated 17 U.S.C. § 1202(a)(1) and (b)(1).

28. As a result of Defendants' actions, Plaintiff is entitled to actual or statutory damages pursuant to 17 U.S.C. § 1203(c). Plaintiff is further entitled to their attorney's fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.  Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B.  Immediately and permanently enjoining Defendants, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Plaintiff's Copyrighted Photograph without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

C.  Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's copyright or such damages as are proper, and since Defendants intentionally infringed Plaintiff's copyright, for the maximum allowable statutory damages for each violation;

D.  Awarding Plaintiff actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

E.  Awarding Plaintiff his costs, reasonable attorney's fees, and disbursements in this action, pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5); and

F.  Awarding Plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.


Dated: April 7, 2020

                                 __/s/__ *David C. Deal*_____
David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
434-233-2727, Telephone
david@daviddeal.com
*Counsel for Plaintiff*